STATE OF IOWA, Appellee, v. J. F. WATERBURY, Appellant.

FALSE PRETENSES: Immateriality. One charged with obtaining
1    property by means of false pretenses may not show that, subsequent to the consummation of the entire deal, part of the property received by him was taken from him by the vendor's creditors.

**WITNESSES:** Contradictory Statements. A witness may, on prop-er foundation, be impeached through the medium of a transcript of the witness's former testimony, which is inconsistent with his present testimony.

**CRIMINAL LAW:** Other Offenses Bearing on Intent, Etc. On the issue whether worthless notes had been negotiated under the pretense that they were valuable, evidence is admissible tending to show that accused had had other notes of the same makers, and had negotiated them under circumstances similar to the ones charged.

*Appeal from Benton District Court.*—B. F. CUMMINGS, Judge.

DECEMBER 14, 1918.

INDICTMENT for cheating by false pretenses. There was a verdict of guilty, and judgment thereon. The defendant appeals.—*Affirmed.*

*C. E. Wheeler* and *Crissman & Linville,* for appellant.

*H. M. Havner,* Attorney General, *F. C. Davidson,* Assistant Attorney General, *Kirkland & White,* and *Hugh Mossman,* for appellee.

EVANS, J.—The crime for which the defendant was convicted was perpetrated in connection with the purchase of a stock of goods from one Scott. In partial payment there-

1. FALSE PRE-TENSES: im-materiality.

for, the defendant transferred to Scott a note of $4,000, signed by Frank Schulte and Charles Schulte. The signers were strangers to Scott. The defendant represented them as being sons of Joe Schulte. It appears from the evidence that Charles and Frank Schulte, the sons of Joe Schulte, were financially responsible, and that Scott, upon inquiry, so ascertained. It also appears in the evidence that Charles Schulte and Frank Schulte, sons of John Schulte, were not financially responsible. The signers of this instrument were, in fact, the sons of John Schulte, and not the sons of

Joe Schulte. Relying upon the defendant's representation, Scott parted with his stock of goods.

Eight errors are assigned as grounds of reversal, six of which pertain to the admission of testimony. The defendant offered to prove that Scott was indebted in an amount of from $1,800 to $3,000, and that such indebtedness was enforced against the stock of goods in the hands of the defendant. He also offered to prove that Scott never returned to the defendant any of the purchase money actually received by him. The implications of the proffered testimony are that, in some ways, the transaction had proved less profitable to the defendant than it otherwise would have been, if Scott had had no creditors. None of the offered testimony had any tendency whatever to negative the testimony of the State in support of the charge against the defendant. It was enough that the defendant had received value on the faith of his false pretense. Scott was not required to return any partial payment made by the defendant, nor were his creditors bound to refrain from availing themselves of their rights under the Bulk Sales Law. The defendant's guilt, if such, was complete, and independent of all subsequent developments.

Complaint is made over the introduction in evidence of a transcript of previous testimony given by the defendant. It is urged that such previous evidence was wholly consistent with his present evidence. If so, he suffered no prejudice. We think, however, that it was not consistent therewith. It was especially inconsistent with that part of the testimony at the last trial wherein he claimed to have informed Scott that the signers of the note were the sons of John Schulte.

2. WITNESSES: contradictory statements.

Complaint is also made of the cross-examination of the defendant, whereby he testified that he had held another note of $4,000 against the same signers, and had turned the

same in another trade, previous to the Scott

3. CRIMINAL LAW: other offenses bearing on intent, etc.

transaction. This evidence was admissible, as bearing upon the guilty knowledge and intent of the defendant. If these signers were financially worthless, the fact that the defendant had used their note for $4,000 in more than one trade was a circumstance not wholly insignificant. In any event, it was within the rule of proof of intent.

Some complaint is made of defects of specification in the indictment. No such question was raised in the lower court, except on motion for a new trial. We think the indictment covers every requisite of the statute. We find no error in the record. The guilt of the defendant appears beyond reasonable doubt. The judgment of conviction is—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.